## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### Miami Division

### CASE NO.: 16-CV-21692

| | |
|---|---|
| DOUG LONGHINI, individually, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LESLIE REALTY, INC. a/k/a LESLIE PLAZA | ) |
| and MI CAFETERIA NO. 1, CORP. a/k/a | ) |
| MI CAFETERIA, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

### COMPLAINT

Plaintiff DOUG LONGHINI (**"Plaintiff"**), pursuant to the Americans with Disabilities Act 42 U.S.C. §§ 12101–12103, 12181–12205a (**"ADA"**) and the American with Disabilities Act Accessibility Guidelines 28 C.F.R. § 36 (**"ADAAG"**), hereby sues Defendants (**"Defendant Cafeteria"**) (collectively "**Defendants**") for injunctive relief and states:

### JURISDICTION AND VENUE

1.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims under the ADA.

2.      Venue in this district is proper under 28 U.S.C. § 1391 because the real property that is the subject of this action is located in, and the acts or omissions giving rise to this action occurred in, the Southern District of Florida.

FEDERAL DISABILITY ADVOCATES
ATTORNEYS AT LAW

## PARTIES

3.      Plaintiff is an individual over 18 years of age, *sui juris*, who is a resident of the State of Florida.

4.      Plaintiff is a qualified individual under the ADA because he is a disabled individual who has a physical impairment that substantially limits one or more major life activities.

5.      Specifically, Plaintiff has a physical impairment that requires him to use a wheelchair to ambulate.

6.       Defendant Leslie is a Florida Corporation having its main place of business in Miami-Dade County, Florida.

7.      Defendant Leslie is the owner, lessor, or operator of real property (and the improvements made thereon) and related facilities located at 13301 Southwest 42nd Street, Miami, Florida 33185-3270 (the "**Subject Premises**", "**Facility**", or "**Shopping Center**").

8.      Defendant Cafeteria is Florida Corporation having its main place of business in Miami-Dade County, Florida.

9.      Defendant Cafeteria is the lessor, lessee or owner of the restaurant located on the Subject Premises.

## GENERAL ALLEGATIONS

10.     The Subject Premises is a place of public accommodation under the ADA and ADAAG because it is a shopping center and also contains a restaurant.

11.     As a place of public accommodation, Defendants were required to remove from the Subject Premises and related facilities architectural barriers to the extent readily achievable as defined in 28 C.F.R. § 36.304 of the ADAAG.

12.     Additionally, upon information and belief, the Subject Premises is one that was altered after January 26, 1992, as defined in 28 C.F.R. § 36.402 of the ADAAG.

FEDERAL DISABILITY ADVOCATES
ATTORNEYS AT LAW

13.     Accordingly, Defendants were required to ensure that, to the maximum extent feasible, the altered portions of the Subject Premises were readily accessible to and useable by individuals with disabilities such as Plaintiff.

14.     Plaintiff has knowledge that the Subject Premises is in violation of the ADA and discriminating against individuals with disabilities.

15.     In or about May 2016, Plaintiff visited the Subject Premises to conduct business—i.e., purchase and eat food—and encountered architectural barriers to access the Subject Premises.

16.     Plaintiff sought, and seeks, to partake in the accommodations, privileges, and advantages of the services offered by Defendants; however, he was subjected to discrimination by Defendants on the basis of his disability due to Defendants' ADA violations.

17.     Plaintiff was not able to access, among other things, the parking lot, access to goods or public restrooms at the Facility without encountering architectural barriers.

18.     Plaintiff shall return to the Subject Premises once the barriers violating the ADA are removed; however, Plaintiff is currently deterred from returning as a result of the barriers to access present at the Facility.

19.     Plaintiff will be denied full access to the Subject Premises, as provided by the ADA, unless the injunctive relief requested herein is granted.

20.     Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by Defendants if said violations are not corrected and made compliant.

21.     Plaintiff is also a tester for the purpose of asserting his civil rights by monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

FEDERAL DISABILITY ADVOCATES
ATTORNEYS AT LAW

22.     Plaintiff desires to visit the Subject Premises again, not only to eat, but to assure himself that the Subject Premises is in compliance with the ADA and thus ensuring that individuals with disabilities, including himself, will have full and equal enjoyment of the property without fear of discrimination.

23.     Plaintiff has a real, continuing, and immediate threat of future discrimination by Defendants' violation of and non-compliance with the ADA because he plans on returning to the Subject Premises in the near future.

24.     Defendants have discriminated and continue to discriminate against Plaintiff by denying him access to the Subject Premises and the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises in violation of the ADA by failing to remove architectural barriers so that the Subject Premises may be accessible to and usable by individuals with disabilities such as Plaintiff.

25.     Defendants are in violation of the ADA and ADAAG are discriminating against Plaintiff as a result of the following violations:

## Parking

a)  Plaintiff had difficulty exiting the vehicle as the designated parking space access aisle was located on an excessive slope. Violation: Some of the disabled use access aisles are located on a slope in violation of Sections 4.6.3 and 4.6.6 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

b)  Plaintiff had difficulty exiting the vehicle as the designated parking space was located on an excessive slope. Violation: Some of the disabled use spaces are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

## Access to Goods and Services

c)  Plaintiff could not utilize the tables for their intended use as the tables did not provide the required knee clearance. Violation: The tables do not provide the required knee height and/or depth ranges in violation of Section

FEDERAL DISABILITY ADVOCATES
ATTORNEYS AT LAW

4.32.3 of the ADAAG and Section 226.1 of the 2010 ADA Standards, whose resolution is readily achievable.

d) Plaintiff could not use some of the counters as they are mounted too high. Violation: There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG and Sections 227.3 and 904.4 of the 2010 ADA Standards, whose resolution is readily achievable.

## Public Restrooms

e) Plaintiff could not use the toilet paper dispenser without assistance as it was not mounted at the required location. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Section 4.17 of the ADAAG, whose resolution is readily achievable.

f) Plaintiff could not use the mirror as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

g) Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes were not wrapped. Violation: The lavatory pipes were not fully wrapped or maintained in violation of Sections 4.19 and 36.211 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

h) Plaintiff could not close the stall door as it was not self-closing and did not have required door hardware. Violation: The stall door does not provide the required stall door hardware in violation of Sections 604.8.1.2, 404.2.7 and 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

i) Plaintiff had difficulty using the grab bars as the required grab bars were not provided. Violation: The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG and Sections 604.5.1 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

j) Plaintiff could not exit the restroom without assistance as the required maneuvering clearance was not provided. Violation: The restroom does not provide the required latch side clearance violating Sections 4.13.6 and Figure 25 of the ADAAG, and Section 404.2.4.1 and table 404.2.4.1 whose resolution is readily achievable.

FEDERAL DISABILITY ADVOCATES
ATTORNEYS AT LAW

k)  Plaintiff could not enter the restroom without assistance as the required door hardware is not provided. Violation: The restroom door has improper hardware for disabled patrons, in violation of Section 4.13.9 of the ADAAG and Sections 404.2.7 and 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

l)  There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG and Sections 703.4.1 and 703.4.2 of the 2010 ADA Standards, whose resolution is readily achievable.

26.  The discriminatory violations described herein may not be an exclusive list of Defendants' ADA violations because Plaintiff was unable to access and assess all areas of the Subject Premises due to the architectural barriers encountered. A *complete* list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

27.  By encountering the discriminatory conditions at Defendants' facility, and knowing that it would be a futile gesture to return to the Facility unless Plaintiff is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the Subject Premises and deterred and discouraged from traveling to same when in contrast the Subject Premises is readily available to able bodied patrons and the general public.

28.  By maintaining a place of public accommodation with ADA violations, Defendants deprive Plaintiff of the equal opportunity offered to the general public to freely travel and conduct business at the Subject Premises without fear of being subjected to discrimination.

29.  Plaintiff retained undersigned counsel for the filing and prosecution of this action and has agreed to pay counsel reasonable attorneys' fees and costs incurred in this action for which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 12205.

30.  Plaintiff demands a non-jury trial on all issues to be tried herein.

FEDERAL DISABILITY ADVOCATES
ATTORNEYS AT LAW

## CLAIM FOR INJUNCTIVE RELIEF
### (Against all Defendants for ADA Violations)

31.     Plaintiff re-avers and incorporates paragraphs 1–30 as if fully set forth herein.

32.     This action arises pursuant to the ADA.

33.     Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and its facilities, and has otherwise been discriminated against and damaged by Defendants because of the Subject Premises' existing ADA violations.

34.     Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Subject Premises without the relief demanded herein pursuant to the ADA.

35.     Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Subject Premises.

36.     By continuing to operate the Subject Premises with discriminatory conditions in violation of the ADA and ADAAG, Defendants contribute to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

37.     Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises, make the Subject Premises readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and close the Subject Premises until the requisite modifications are complete.

FEDERAL DISABILITY ADVOCATES
ATTORNEYS AT LAW

WHEREFORE, Plaintiff DOUG LONGHINI respectfully requests this Court issue a permanent injunction enjoining Defendant LESLIE PLAZA, INC. a/k/a LESLIE PLAZA and MI CAFETERIA NO. 1, CORP. a/k/a MI CAFETERIA from continuing its discriminatory practices, ordering Defendants to alter the Subject Premises as appropriate to comply with the ADA and ADAAG, ordering Defendants to maintain accessible features at the premises, awarding reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

Dated this 12th day of May, 2016.

Respectfully submitted,

By:    s/ Rafael Viego III
          Rafael Viego III, Esq.
          Florida Bar. No. 60967
          Mario E. Lopez, Esq.
          Florida Bar No. 98061
          **FEDERAL DISABILITY ADVOCATES**
          *Attorneys for Plaintiff DOUG LONGHINI*
          4300 Biscayne Boulevard, Suite 305
          Miami, Florida 33137
          Telephone:    (305) 717-7530
          Facsimile:    (305) 717-7539
          E-mail:    mlopez@jltrial.com
          E-mail:    rviego@jltrial.com
          E-mail:    eservice@jltrial.com

MEL/RV/ram
0006.007